# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| § | CASE NO. 6:14-CR-67-JCB |
| vs. § | |
| § | |
| § | |
| JIMMIE LEE GREEN (1) § | |

## REPORT AND RECOMMENDATION
## ON REVOCATION OF SUPERVISED RELEASE

On March 25, 2021, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Jim Noble. Defendant was represented by Matt Millslagle.

*Background*

After pleading guilty to the offense of Possession with Intent to Distribute Methamphetamine, a Class C felony, Defendant Jimmie Lee Green was sentenced on December 2, 2015 by United States District Judge Michael H. Schneider. The offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 21 and a criminal history category of III, was 46 to 57 months. Defendant was sentenced to 46 months of imprisonment to be followed by a 3-year term of supervised release. Defendant's supervision is subject to the standard conditions of release, plus special conditions to include financial disclosure, substance abuse testing and treatment, and GED certification.

The case was re-assigned to United States District Judge J. Campbell Barker on May 15, 2019. Defendant completed his term of imprisonment and started his term of supervised release on August 29, 2019.

*Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on July 15, 2020, United States Probation Officer Daisy Pridgen alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (mandatory condition): The defendant shall not commit another federal, state, or local crime.** It is alleged that Defendant was arrested by the Palestine, Texas police department on July 12, 2020 for the offenses of Possession of Marijuana > 4 Ounce < 5 Pounds and three counts of Manufacture and Delivery of a Controlled Substance > 74 Grams < 200 Grams.

2. **Allegation 2 (standard condition 7): The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.** It is alleged that Defendant was found to be in possession of marijuana, methamphetamine, PCP, cocaine, promethazine, and ecstasy at the time of his arrest on July 12, 2020.

3. **Allegation 3 (special condition): The defendant shall acquire a General Educational Development (GED) certificate.** It is alleged that Defendant failed to obtain his General Educational Development certificate.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class C felony. Accordingly, the maximum imprisonment sentence that may be imposed is 2 years of imprisonment. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by committing the offense of Manufacture and Delivery of a Controlled Substance as alleged in the petition, he is guilty of a Grade A violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was III. The guidelines provide that Defendant's guideline range for a Grade A violation is 18 to 24 months of imprisonment. If the Court finds that Defendant violated his conditions of supervised release by possessing methamphetamine, PCP, cocaine, promethazine, or ecstasy or by committing the offense of Possession of Marijuana as alleged in the petition, he is guilty of a Grade B violation. U.S.S.G. § 7B1.1(a). With Defendant's original criminal history category of III, the guidelines provide that Defendant's guideline range for a Grade B violation is 8 to 14 months of imprisonment. If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by possessing marijuana or failing to acquire a GED as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). With Defendant's original criminal history category of III, the guidelines provide that Defendant's guideline range for a Grade C violation is 5 to 11 months of imprisonment.

### *Hearing*

On March 25, 2021, Defendant appeared for a final revocation hearing. Assistant United States Attorney Jim Noble announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 3 of the petition and to jointly request a sentence of time served, which includes 8 months of imprisonment already served, with no further

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 3 of the petition.

*Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 3 of the petition is true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to time served, which includes 8 months of imprisonment already served, with no further supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

## RECOMMENDATION

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 3 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to time served, which includes 8 months of imprisonment already served, with no further supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's

supervised release and enter a Judgment and Commitment for him to be sentenced to time served with no further supervised release.

So ORDERED and SIGNED this 25th day of March, 2021.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE